NOT DESIGNATED FOR PUBLICATION

No. 116,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAFAEL ZUNIGA-RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed June 30, 2017. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, acting county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: Rafael Zuniga-Rodriguez was convicted of possession of methamphetamine, misdemeanor possession of drug paraphernalia, and possession of more than 1 gram of methamphetamine with no tax stamp affixed. On appeal, he argues we should reverse his convictions because the district court improperly admitted his statements to law enforcement. We affirm.

1

On September 24, 2015, Emporia Police Department officers executed a search warrant on Zuniga-Rodriguez' home and arrested Zuniga-Rodriguez outside of the residence. Deputy Heath Samuels took custody of Zuniga-Rodriguez and brought him into the kitchen. Samuels advised Zuniga-Rodriguez of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Another officer was present and witnessed Samuels giving Zuniga-Rodriguez his *Miranda* rights; however, Zuniga-Rodriguez maintained that officers never informed him of his *Miranda* rights. Zuniga-Rodriguez then walked around the residence with the officers and led them to a white, crystalline substance—that later tested positive for methamphetamine—located in multiple locations throughout the home. The methamphetamine weighed 2.3 grams total and did not bear a tax stamp. Zuniga-Rodriguez also led the officers to a digital scale and a glass pipe. During the search, Zuniga-Rodriguez admitted to Samuels that he sold drugs.

The State charged Zuniga-Rodriguez with possession with intent to distribute methamphetamine within 1,000 feet of a school, aggravated endangering a child, felony possession of drug paraphernalia, misdemeanor possession of drug paraphernalia, and possession of more than 1 gram of methamphetamine with no tax stamp affixed. Zuniga-Rodriguez' court-appointed counsel did not file a motion to suppress the evidence derived from the search or Zuniga-Rodriguez' statements to the officers, nor did counsel file any other motions challenging the validity of the search. The State filed a motion requesting a *Jackson v. Denno* hearing, which the district court held on January 27, 2016. See *Jackson v. Denno*, 378 U.S. 368, 376-77, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964); *State v. Betancourt*, 301 Kan. 282, 289, 342 P.3d 916 (2015) (noting that "at a *Jackson v. Denno* hearing, the issue before the court is whether defendant's statement or confession was voluntary"). After weighing the evidence, the court found Zuniga-Rodriguez' statements

to the officers were voluntarily made after having received an adequate warning of his rights under *Miranda* and deemed the statements admissible at trial.

The charges against Zuniga-Rodriguez proceeded to trial. Zuniga-Rodriguez' counsel made no contemporaneous objections to the admission of his statements to the officers and was not granted a continuing objection to the admission of these statements. The jury found Zuniga-Rodriguez guilty of possession of methamphetamine, misdemeanor possession of drug paraphernalia, and possession of more than 1 gram of methamphetamine with no tax stamp affixed. The district court sentenced Zuniga-Rodriguez to 18 months' probation with an underlying 12-month term of imprisonment.

Zuniga-Rodriguez timely appeals.

DID THE DISTRICT COURT ERR BY IMPROPERLY ADMITTING INCULPATORY STATEMENTS?

Zuniga-Rodriguez contends the district court erred in admitting inculpatory statements he made to the police officers as they were involuntary. The State counters that because Zuniga-Rodriguez failed to make a contemporaneous objection to the introduction of these statements during the trial, he failed to preserve the issue for appellate review. Zuniga-Rodriguez has offered no reply explaining how the point has been preserved.

K.S.A. 60-404 states that "[a] verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." In recent years, the Kansas Supreme Court has strictly enforced the contemporaneous objection rule. See *State v. Potts*, 304 Kan. 687, 700-01, 374 P.3d 639 (2016). In *State v. Hollingsworth*, 289 Kan. 1250, 1256-57, 221 P.3d 1122 (2009), the court applied this rule and refused to consider

3

for the first time on appeal a challenge to the admission of the defendant's statements to law enforcement when there was no contemporaneous objection at trial, despite a *Jackson v. Denno* hearing having been held. Accordingly, Zuniga-Rodriguez' failure to make a contemporaneous objection at trial precludes our review of this issue.

Alternatively, even if the issue were properly before us on the merits, we conclude sufficient evidence supports the district court's conclusion that Zuniga-Rodriguez' statements to law enforcement were voluntary.

> "When a trial court conducts a *Jackson v. Denno* hearing, determines a defendant's statements were freely, voluntarily, and knowingly given, and admits the statements into evidence at the trial, an appellate court reviews the factual underpinnings of the decision under a substantial competent evidence standard and reviews the ultimate legal conclusion drawn from those facts de novo. In doing so, an appellate court does not reweigh evidence or assess the credibility of the witnesses but will give deference to the trial court's findings of fact." *State v. Warledo*, 286 Kan. 927, 934-35, 190 P.3d 937 (2008) (citing *State v. Harris*, 279 Kan. 163, 167, 105 P.3d 1258 [2005]).

Zuniga-Rodriguez principally attacks the district court's finding that he was Mirandized prior to being questioned and makes numerous arguments attacking the officers' credibility. While we acknowledge the conflicting testimony on this point, we are forbidden from reweighing the evidence or offering our own credibility assessment. The district court had the opportunity to see and evaluate the witnesses, and sufficient evidence supports the court's findings that Zuniga-Rodriguez' statements were voluntarily made.

Affirmed.

4